Smith *v.* Wyman.

In an action of slander, evidence of words of a similar import of those charged in the declaration, spoken by the defendant afterwards, before and after the commencement of the action, is admissible for the purpose of proving malice.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

The action was slander. The case will be sufficiently understood from the opinion of the Court.

*Wells and Lancaster,* for the defendant, contended, that the Judge of the Common Pleas erred in admitting the evidence; and cited 1 *Camp.* 48; 2 *ib.* 72; 7 *Johns. R.* 269; 1 *Phillips' Ev.* 151; 2 *Stark. Ev.* 870; 2 *Stark. R.* 84.

*E. Fuller and May,* for the plaintiffs, contended, that the ruling of the Judge was correct in admitting the testimony for the purpose

it was introduced, merely to show malice. They cited 8 *Wend.* 602; *Bodwell* v. *Swan,* 3 *Pick.* 376; *Bodwell* v. *Osgood, ib.* 379; *Stark. on Ev.* 870, *note* 1; 2 *Serg. & R.* 446.

The case was continued for advisement, and the opinion of the Court was afterwards prepared by

EMERY J. — The defendant is alleged to have charged the wife of the said *Matthias* while sole, with stealing, and with the crime of fornication, and of being a whore. The plaintiffs married on the 28th of *November,* 1835. The words by one witness were proved to have been uttered in *December,* 1835, or in 1836. It was contended, that said words having been spoken after the marriage, were not admissible in evidence, the words set forth in the writ having been proved to have been uttered as alleged. The Judge instructed the jury, that, they might consider said evidence in connection with the other testimony in the case as having a tendency to prove malice.

We cannot hesitate to entertain the same opinion. And the subsequent statement proved by *James Dudley,* as having been made after the action was commenced, for the purpose of shewing malice, we think was rightly admitted.

*Exceptions overruled.*